IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

EL ESPADA TIMOTHY LEE
MATTHEWS, individually and
on behalf of the ESTATE OF
EDNA FAULKNER MATTHEWS,
individually and as class
representative of all others
similarly situated,

                      **Plaintiff,**

v.                                                           Case 2:14-cv-02094-JTF-cgc

CITY OF MEMPHIS, JAMES IVY,
WALTER CREWS, JAMES BOLDEN,
WALTER WINFREY, LT. ARNOLD,
LT. SANDRA MARSHALL, MAJOR
DON CROWE, THE UNITED STATES
JUSTICE DEPARTMENT, and
ERIC HOLDER, US ATTORNEY
GENERAL,

                      **Defendant.**

---

### REPORT AND RECOMMENDATION ON IN FORMA PAUPERIS SCREENING PURSUANT TO 28 U.S.C. § 1915 AND ON CERTIFICATION OF APPEALABILITY PURSUANT TO RULE 24 OF THE FEDERAL RULES OF APPELLATE PROCEDURE

---

       Before the Court is Plaintiff El Espada Timothy Lee Matthews' *pro se* Amended Complaint (Docket Entry "D.E." #10),[1] which must be screened pursuant to 28 U.S.C. § 1915 ("Section 1915")

---

[1] Plaintiff filed his Amended Complaint as a "Pro Se Motion to Amend/Correct Pro Se Complaint"; however, this filing does not contain a motion but instead contains only the Amended Complaint itself. Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may amend his pleading as a matter of course "within 21 days after service it" or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive

1

as Plaintiff is proceeding in forma pauperis. (D.E. #12). The Section 1915 screening has been referred to the United States Magistrate Judge for Report and Recommendation. (D.E. #13). For the reasons set forth herein, it is recommended that Plaintiff's Complaint be DISMISSED pursuant to Section 1915 for failure to state a claim upon which relief may be granted and that leave to proceed in forma pauperis on appeal be DENIED pursuant to Rule 24 of the Federal Rules of Appellate Procedure.

**I. Background**

Plaintiff alleges in his Amended Complaint that, on September 27, 1988, his mother, Edna Faulkner Matthews ("Mrs. Matthews"), was the victim of a sexual assault in Memphis, Tennessee. (Am. Compl. at 2, 7). Plaintiff reported the incident along with Mrs. Matthews to the Memphis Police Department ("MPD") and was present when officers arrived at the scene. (*Id*. at 2, 7). The investigation included having a "fingerprint team brush the home, doors and furniture for fingerprints," which Lieutenant Arnold told him "would be placed in a rape kit and sent to a lab to be analyzed for evidence against the intruder." (*Id*. at 8). Plaintiff further states that Lieutenant Arnold "looked him in the eyes and made an offer . . . for MPD to transport his mother to the rape crisis center to extract bodily fluid samples" to be "sent to a lab to be tested for evidentiary purposes." (*Id*. at 2, 7). Plaintiff alleges that this statement consisted of an "oral agreement and promise with Plaintiff and the estate of Edna Faulkner Matthews that he would submit the rape kit to be tested for evidentiary purposes." (*Id*. at 5).

---

pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B). As Plaintiff's complaint qualifies under both Rule 15(a)(1)(A) and Rule 15(a)(1)(B) to be amended as a matter of course, it is recommended that Plaintiff's "Pro Se Motion to Amend/Correct Pro Se Complaint" be GRANTED. Thus, the Magistrate Judge will proceed to conduct the Section 1915 review of Plaintiff's Amended Complaint.

Plaintiff states that, "[a]fter careful consideration of ANOTHER invasion of his mother's privacy and the rights thereof, Plaintiff advised Edna Faulkner Matthews to submit to MPD's offer in good faith," and Mrs. Matthews consented to be transported to the rape crisis center and to give bodily fluid samples. (*Id*. at 3, 7). Plaintiff states that there was "no general willingness," after being a victim of sexual assault, for Mrs. Matthews to agree to this invasive testing by MPD; however, Plaintiff states that he and his mother had "justifiable expectations . . . that her bodily fluids would be paid with an effort (at the least) of a further investigation of testing bodily fluids, fingerprints and other samples collected by Defendant" during his and Mrs. Matthew's life. (*Id*. at 3). Mrs. Matthews died on March 13, 1998 at the age of eighty-four. (*Id*.). Plaintiff states that, during the approximately ten years that Mrs. Matthews survived following the sexual assault, both he and she "lived in fear that the suspect rapist was still on the streets." (*Id*.). Plaintiff states that Mrs. Matthews "suffered mental anguish, fear, pain and suffering" after the sexual assault. (*Id*.).

Plaintiff alleges that, rather than investigating the sexual assault committed against his mother, Defendants[2] "intentionally and with wanton disregard failed to submit . . . [the] rape kit along with 20,000 other rape kits." (*Id*.). Plaintiff states that they did so because of her age (seventy-four years old), her race (African American), and her sex (female). (*Id*.). On November 21, 2013, Plaintiff states that he became aware that "thousands of untested rape kits were found in a storage controlled by MPD." (*Id*. at 3-4, 8). Plaintiff went to the Justice Complex at 201 Poplar to the Sex Crimes Division "to find out if his mother's rape kit had been tested." (*Id*.). On

---

[2] Plaintiff sets forth the role of each individual defendant in his Amended Complaint. (*Id*. at 5-6).

December 2, 2013, Plaintiff was informed that Mrs. Matthews' rape kit had been located and that it had not been "opened/tested." (*Id*.). Plaintiff alleges that Defendants' "wanton negligence" caused the spoliation of her rape kit. (*Id*. at 4).

As a result of the failure to test his mother's rape kit, Plaintiff asserts the following claims: (1) a violation of Mrs. Matthews's equal protection and due process rights pursuant to 42 U.S.C. Section 1983 ("Section 1983") against the City of Memphis; (2) breach of contract against the City of Memphis and Lieutenant Arnold; (3) negligence against the City of Memphis and Lieutenant Arnold;[3] (4) conversion/fraud against the City of Memphis, Lieutenant Sandra Marshall, and Major Don Crowe;[4] (5) violation of the Age Discrimination Act of 1975, 42 U.S.C. Sections 6101-6107 against "Defendants"; (6) violation of the Omnibus Crime Control Act and Safe Streets Act of 1968 against "Defendants"; and, (7) violation of the Fourteenth Amendment's Due Process Clause against the United States Department of Justice "in the care of Attorney General Eric Holder." (*Id*. at 8-15). Plaintiff also requests that the Court declare that MPD's conduct "rise to the level of being criminally unlawful" pursuant to 42 U.S.C. Section 14141 and order the impanelment of a grand

---

[3] It is not entirely clear if Plaintiff seeks to pursue his breach-of-contract and negligence claims against Lieutenant Arnold as well or solely against the City of Memphis. This is particularly confusing as Plaintiff repeatedly alleges this claim to be against a singular "Defendant" despite alleging actions of both the City of Memphis and Lieutenant Arnold. Plaintiff also does not state whether, if he is alleging any claims against Lieutenant Arnold, he seeks to do so in Lieutenant Arnold's individual capacity, official capacity, or both. Out of an abundance of caution, the Court will consider these claims as against both Defendants and against the individual defendant in all capacities for purposes of the Section 1915 screening, as both are mentioned in his narrative of the claims.

[4] For the same reasons as set forth above, *see*, *supra*, n.3, it is unclear to the Court whether Plaintiff seeks to pursue these claims against Lieutenant Marshall and Major Crowe and in which capacities. However, the Court will construe the claims as being against them in all capacities for purposes of the Section 1915 screening.

jury. (*Id*. at 13, 17).

Plaintiff alleges that he has standing to pursue the claims he raises on behalf of his mother as "one of the heirs" of Mrs. Matthews estate and "through his inherent rights on behalf of the estate" of Mrs. Matthews. (*Id*. at 10-11, 15). Plaintiff's Amended Complaint does not list Mrs. Matthews's heirs; however, Plaintiff states that Mrs. Matthews was a widow, that her surviving adult children were Plaintiff and Orlando Matthews, and that she was preceded in death by her adult children Edward A. Matthews, Jr. and Eldridge Matthews. (Am. Compl. at 6-7). Plaintiff further states that he "asserts his own legal interest in this action and on behalf of the estate" of Mrs. Matthews. (*Id*. at 15). Plaintiff argues that he has "inherited the duty to seek redress and assert the rights of his mother even though she is a third party." (*Id*.) In addition to the claims he seeks to bring as an heir or on behalf of Mrs. Matthews' estate, Plaintiff further states that he has suffered injury and has "sufficient and personal stake" in his action to have standing to pursue various claims on his own behalf. (*Id*. at 15-16).

Plaintiff additionally proposes that the "estate of Edna Faulkner Matthews" is appropriate to represent "the similarly situated putative female class members who reported sexual assault to third parties" in *Jane Doe v. City of Memphis*, No. 2:13-cv-03002-JTF-cgc but requests, if the Court were to conclude otherwise, that the Court "rule this cause as a separate class action." (*Id*.)[5]

**II. Section 1915 Screening**

Pursuant to Section 1915, in proceedings in forma pauperis, notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the

---

[5] Plaintiff's Amended Complaint cites to five exhibits. These exhibits were not refiled with the Amended Complaint but were filed in the record with the initial Complaint.

court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

To state a claim upon which relief may be granted, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Such a statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

At the outset, even construing the Amended Complaint in the light most favorable to the Plaintiff, he has not alleged any claims against Defendants James Ivy, Walter Crews, James Bolden, and Walter Winfrey. In fact, the sole mention of these individuals in his Amended Complaint is in

6

the caption and, as to Ivy, Crews, and Bolden, a brief mention of their role with Memphis Police Department. Absent allegations of any claims against these Defendants, it is RECOMMENDED that Plaintiff's Amended Complaint be dismissed as to them.

As another initial matter, the Court must consider whether Plaintiff has standing to bring any claim against the remaining Defendants either as "one of the heirs" or "through his inherent rights on behalf of the estate." The question of whether a plaintiff has standing implicates the case-or-controversy requirement of Article III, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), and, therefore, is a threshold issue in every federal case, *Midwest Media Prop. L.L.C. v. Symmes Township, Ohio*, 503 F.3d 456, 469-70 (6th Cir. 2007).

As to Plaintiff's assertion that he has standing to pursue any claims as "one of the heirs" of Mrs. Matthews's estate or "through his inherent rights on behalf of the estate," federal law determines whether a plaintiff may proceed *pro se*. Title 28 U.S.C. Section 1654 provides that, "[i]n all courts of the United States the parties may plead and conduct their own cases personally . . . ." 28 U.S.C. § 1654. Federal courts have long held that Section 1654 preserves a party's right to proceed *pro se* but only on his own claims. *See Davis v. Memphis Police Dept.*, No. 2:13–cv-02497-JDT-dkv, 2013 WL 4446240, at *5 (W.D. Tenn. Aug. 15. 2013). A plaintiff may not appear *pro se* where "interests other than his own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). Only a licensed attorney may represent other persons. *Davis*, 2013 WL 4446240 at *5 (citing cases). The Sixth Circuit considers this issue as one of lack of standing. *Davis*, 2013 WL 4446240 at *5 (citing *Oliver v. Pogats*, No. 91-1717, 1992 WL 76951, at *1 (6th Cir. Apr. 13, 1992)).

As to Plaintiff's claims as "one of the heirs" of Mrs. Matthews's estate, he does not have

standing to bring such a claim on behalf of all heirs because such would constitute the unauthorized practice of law. Even if the Court were to read this as Plaintiff's attempt to bring these claims only in his capacity as an heir but not on behalf of the other unidentified heirs, the remaining heirs would be required to be joined pursuant to Rule 19 of the Federal Rules of Civil Procedure, *see*, *e.g.*, *Jenkins v. Reneau*, 697 F.2d 160, 161 (6th Cir. 1983) (requiring joinder of all heirs pursuant to Rule 19), and Plaintiff would again lack standing to represent all heirs *pro se*. Accordingly, it is recommended that Plaintiff lacks standing to proceed as "one of the heirs" of Mrs. Matthews's estate and that such claims be dismissed pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

Further, although Plaintiff alleges to have "inherent rights on behalf of the estate," an estate is represented by a lawfully appointed executor or administrator. Plaintiff does not allege that he is the appointed representative of Mrs. Matthews's estate,[6] and therefore the Court presumes that he is not. *Davis*, 2013 WL 4446240 at *5 ("The complaint does not allege that [plaintiff] is her son's personal representative, and therefore the court assumes that [plaintiff] is not acting in a representative capacity for her son's estate."). However, even if Plaintiff were an executor of Mrs. Matthews's estate, "an executor of an estate may not appear pro se when the estate has beneficiaries and creditors other than the litigant." *Shepherd*, 313 F.3d at 970.[7] Plaintiff's Amended Complaint

---

[6] Plaintiff does request of this Court "that he and/or his appointed heirs be named executor in perpetuity." (Am. Compl. at 17). However, the executor or administrator of an estate may only be granted by the appropriate county's probate court. Tenn. Code Ann. §§ 30-1-101 & -102.

[7] Plaintiff's statement that he "intends to retain experienced and capable counsel in the field of constitutional law" and "retain an attorney" at some future point in time, (Am. Compl. at 4, 17), does not suffice to allow Plaintiff to proceed with this suit absent standing to do so.

8

sets forth that Mrs. Matthews' estate has multiple "heirs." Accordingly, it is recommended that Plaintiff lacks standing to proceed based upon his "inherent rights on behalf of the estate"and that such claims be dismissed pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

Finally, Plaintiff seeks to bring certain claims on his own behalf due to the harms he alleges he personally sustained.[8] Specifically, Plaintiff alleges claims of "breach of contract/negligence," "conversion/fraud," and "violation of due process and Fourteenth Amendment" on his own behalf.

As to Plaintiff's breach of contract claim, the essential elements of such a claim include as follows: "(1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *ARC LifeMed, Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005). While an enforceable contract generally does not have to be in writing, "a mere expression of intent or a general willingness to do something does not amount to an 'offer'" that would allow for acceptance thereof and the formation of a contract. *In re Estate of Haskins*, 224 S.W.3d 675, 678 (Tenn. Ct. App. 2006) (quoting *Talley v. Curtis*, 129 S.W.2d 1099 (1939)). Adequate consideration is also "a necessary ingredient for every contract," and, without mutual consideration, a purported contract is invalid and unenforceable. *Estate of Brown*, 402 S.W.3d 193, 200 (citing *Bratton v. Bratton*, 136 S.W.3d 595, 600, 603-04 (Tenn. 2004)). "Consideration exists whenever a party does something that he or she has no legal obligation to do or refrains from doing something that he or she has a legal right to do." 402 S.W.3d at 200 (citing *Brown Oil Co. v. Johnson*, 689 S.W.2d 149, 151 (Tenn. 1985)).

---

[8] Viewing the Amended Complaint in the light most favorable to Plaintiff, these allegations are apart from the injuries he alleges he sustained as an heir of the estate and apart from the injuries he alleges that the estate itself sustained.

9

In the instant case, to state a claim upon which relief may be granted, Plaintiff must at the least allege adequate facts for the Court to conclude that a contract may exist that would give rise to a breach of contract claim. Plaintiff's allegation that Lieutenant Arnold told him that Mrs. Matthews' rape kit would be tested is not sufficient to establish that an enforceable contract was formed, as it is merely an expression of intent or general willingness to act that is not supported by consideration. Absent allegations of a valid contract, Plaintiff cannot proceed on a breach of contract claim. Accordingly, it is recommended that Plaintiff's breach of contract claim be dismissed pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

As to Plaintiff's negligence claim, the five elements of such a cause of action are as follows: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate or legal cause. *West v. East Tennessee Pioneer Oil, Co.*, 172 S.W.3d 550 (Tenn. 2005) (citing *Coln v. City of Savannah*, 966 S.W.2d 34, 39 (Tenn. 1998)). While Plaintiff's Amended Complaint alleges general negligence, the damages he seeks are for emotional injuries. Claims for negligent infliction of emotional distress, if the Court were to construe his claim as such, require the additional element that the plaintiff's emotional distress be "serious" or "severe." *Eskin v. Bartee*, 262 S.W.3d 727, 735 (Tenn. 2008) (citing *Camper v. Minor*, 915 S.W.2d 915 S.W.2d 437, 446 (Tenn. 1996)). In the instant case, Plaintiff has not alleged any duty owed to him to test Mrs. Matthew's rape kit. The existence of a duty of care is a question of law for the Court. *Tompkins v. Annie's Nannies, Inc.*, 59 S.W.3d 669, 673 (2000) (citing *Bradshaw v. Daniel*, 854 S.W.2d 865, 869 (Tenn. 1993)). Absent any allegation of a duty owed to the Plaintiff, it is recommended that Plaintiff's claim either for negligence or negligent infliction of emotional distress, if so construed,

should be dismissed pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

As to Plaintiff's conversion claim, such an action requires "the appropriation of another's property to one's own use and benefit, by the exercise of dominion over the property, in defiance of the owner's right to the property." *Ralston v. Hobbs*, 306 S.W.3d 213, 221 (Tenn. Ct. App. 2009). While Plaintiff alleges his disappointment with MPD's failure to test the rape kit containing evidence of his mother's sexual assault, he does not allege that he owned any property that MPD exercised dominion over in defiance of his rights. (Am. Compl. at 11-13). Instead, he only avers that he had a "right to possession (view actual kit) of this tangible personal property (bodily fluids)" and that MPD "misused that property." (Am. Compl. at 11). However, Plaintiff's alleged right to "view" evidence undisputedly gathered by MPD does not constitute an allegation of any deprivation of his property. Therefore, it is recommended that these allegations are insufficient to plead a claim of conversion and that Plaintiff's conversion claim be dismissed pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

As to Plaintiff's fraud claim, such an action requires the following: (1) an intentional misrepresentation with regard to a material fact; (2) knowledge of the representation's falsity (i.e., it was made "knowingly" or "without belief in its truth," or "recklessly" without regard to its truth or falsity); (3) that the plaintiff reasonably relief on the misrepresentation and suffered damage; and (4) if the claim is based upon promissory fraud, the misrepresentation "must embody a promise of future action without the present intention to carry out the promise." *Shahrdar v. Global Housing, Inc.*, 983 S.W.2d 230, 237 (Tenn. Ct. App. 1998) (quoting *Stacks v. Saunders*, 812 S.W.2d 587, 592 (Tenn. Ct. App. 1990)). Promissory fraud requires more than the "subsequent failure to keep the

11

promise or subjective surmise or impression of the promisee." *Stacks*, 812 S.W.2d at 593 (quoting *Farmers & Merchants Bank v. Petty*, 664 S.W.2d 77, 81 (Tenn. Ct. App. 1983)). Rule 9(b) of the Federal Rules of Civil Procedure requires that a plaintiff alleging a claim for fraud "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Plaintiff alleges two intentional misrepresentations of material facts. First, that MPD by its agent, Lieutenant Winbush,[9] promised to test the rape kit. Second, that MPD remained silent as the public believed the evidence to be tested and never corrected this presumption. (Am. Compl. at 11-13). Plaintiff alleges that MPD had knowledge that the falsity of Lieutenant Winbush's statement and intended to deceive Plaintiff. (*Id.*) Plaintiff does not explicitly allege that MPD knew the truth regarding the failure to test the rape kits or had reckless disregard for the truth during its period of silence. (*Id.*) However, he alleges that MPD's silence was "intentional" and was done to avoid the consequences of its actions. (*Id.*) Plaintiff alleges that he was injured and harmed by his reliance on MPD's promise and subsequent silence, but he does not specify the damages he incurred.

Upon reading the Amended Complaint in the light most favorable to Plaintiff, the damages he alleges as a result of the alleged fraud are the emotional distress he endured from MPD's failure to attempt to vindicate his mother's sexual assault. However, Tennessee law is clear that a plaintiff may only recover pecuniary losses on a claim for fraud and that no recovery for emotional distress is permitted. *Hodge v. Craig*, No. M2009-00930-COA-R3-CV, 2010 WL 4024990, at *9-*12

---

[9] Plaintiff's narrative of the facts states that Lieutenant Arnold made the promise to Plaintiff that the rape kit would be tested. (Am. Compl. at 2, 7, 8). Plaintiff's fraud claim alleges that Lieutenant Winbush, who is not a named Defendant in this action, made these promises. (*Id.* at 12). While the Court is not clear if there were two lieutenants who made these promises or if there is an unintentional error, this issue does not affect the resolution of the Section 1915 screening.

(Tenn. Ct. App. Oct. 13, 2010) (slip op.), *overruled on other grounds by*, *Hodge v. Craig*, 382 S.W.3d 325 (Tenn. 2012). As Plaintiff's claim for fraud solely seeks damages for emotional distress and as such a recovery is not permitted under Tennessee law, it is recommended that Plaintiff's claim for fraud be dismissed pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

As to Plaintiff's Fourteenth Amendment claim against the United States Department of Justice and Attorney General Eric Holder, he does not reference Section 1983; however, it appears that he seeks to bring such a claim, as Section 1983 is the statutory vehicle to redress alleged violations of constitutional rights. *Lomax v. Hennoy*, 151 F.3d 493, 500 (6th Cir. 1998). As to the United States Department of Justice, it is well-settled that, as an agency of the United States Government, it may not be subjected to suit under Section 1983 under the doctrine of sovereign immunity. *Fluellen v. United States Department of Justice Drug Enforcement Admin.*, 816 F. Supp. 1203 (E.D. Mich. 1993) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. Testan*, 424 U.S. 392, 399 (1976); *Hall v. United States*, 704 F.2d 246, 251-52 (6th Cir. 1983)).

As to Defendant Holder, Plaintiff alleges that he violated Plaintiff's Fourteenth Amendment due process rights because he did not acknowledge an email Plaintiff sent containing a document entitled "Violation of Civil Rights Complaint" that set forth Plaintiff's grievances and that requested an investigation into federal criminal violations. Plaintiff further alleges that, to date, Defendant Holder has not taken action in response to Plaintiff's "petition." Plaintiff alleges that Defendant Holder's failure to investigate his concerns was based upon Plaintiff's race. With respect to federal officials, Section 1983 generally "provides no remedy for deprivation of rights by federal official acting under color of federal law." 816 F. Supp. at 1210. Only "[w]hen a non-state actor (which

13

includes a federal agent) conspires with state officials to deprive an individual of his constitutional rights" will a Section 1983 action lie against the non-state actor. *Id.* (citing *Smith v. United States*, 723 F. Supp. 1300, 1306 (C.D.Ill. 1989)). Plaintiff's Amended Complaint does not allege any conspiracy by Defendant Holder with any state officials to deprive him of due process of law.

Apart from Section 1983, federal actors may be subject to suit directly, in their individual capacity, for violations of constitutionally protected rights under the doctrine set forth in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). However, even so, Plaintiff's purported claim against Defendant Holder fails for several reasons. First, while he claims that Defendant Holder violated the Fourteenth Amendment, the Fourteenth Amendment prevents any State from depriving a person of life, liberty, or property without due process of law. U.S. Const. amend. XIV. The Fourteenth Amendment does not apply to federal officers. Instead, federal due process is guaranteed by the Fifth Amendment. U.S. Const. amend. V.

Plaintiff does not allege any violation of the Fifth Amendment, and even if the Court were to construe his allegations of due process violations against Defendant Holder as a Fifth Amendment claim, the allegation that the United States Attorney General did not respond to an email does not allege a violation of Plaintiff's due process rights. As to his allegations that Defendant Holder failed to investigate his claims, determine if there were any "federal criminal violations related to the handling of the rape kits," and take the appropriate response thereto, Plaintiff does not specify the capacity in which he seeks to sue Defendant Holder for such violations; however, as he is listed as a defendant as the Attorney General and as the claims explicitly pertain to his decisions made in that role, he is presumptively sued in his official capacity as a federal prosecutor. *Hampton v. Marion*, 98 Fed. Appx. 410, 412 (citing *Wells v. Brown*, 891 F.2d 591, 592-93 (1989)). Federal prosecutors

14

acting in their official capacity are entitled to prosecutorial immunity. *Id.* (citing *Burns v. Reed*, 500 U.S. 478, 485 (1991); *Pusey v. City of Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993)). Accordingly, Plaintiff has failed to state any claim upon which relief may be granted against Defendant Holder. Therefore, it is recommended that Plaintiff's allegations of due process violations against the United States Department of Justice and Defendant Holder should be dismissed pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

As a final matter, Plaintiff has requested that this Court declare that MPD's conduct "rise to the level of being criminally unlawful" pursuant to 42 U.S.C. Section 14141 and order the impanelment of a grand jury. The "authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Gonzalez v. Perez*, 208 F.3d 213, No. 98-6575, 2000 WL 222584, at *2 (6th Cir. Feb. 14, 2000). The Court does not initiate criminal prosecutions, by grand jury or otherwise, and does not issue rulings on matters that are not properly initiated before the Court.

Plaintiff also requests that the "estate of Edna Faulkner Matthews" is appropriate to represent "the similarly situated putative female class members who reported sexual assault to third parties" in *Jane Doe v. City of Memphis*, No. 2:13-cv-03002-JTF-cgc but requests, if the Court were to conclude otherwise, that the Court "rule this cause as a separate class action." As the Court recommends that all of Plaintiff's claims be dismissed, and as Plaintiff does not have standing *pro se* to represent other parties even if he were permitted to proceed, the Court recommends that these requests should be denied.

### III. Certification of Appealability

Upon the recommendation that Plaintiff's Complaint be dismissed pursuant to Section 1915, the Court must further consider whether it should be recommended that Plaintiff be allowed to

appeal this decision in forma pauperis, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Rule 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party has been permitted to proceed in forma pauperis in the district court, he may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies the pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* It would be inconsistent for the district court does not warrant service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

The same considerations that lead to the recommendation that the District Court dismiss the complaint in this case for failure to state a claim upon which relief may be granted also compel the recommendation that an appeal would not be taken in good faith. Accordingly, it is recommended that the District Court certify pursuant to Rule 24(a) of the Federal Rules of Civil Procedure that any appeal in this matter by Plaintiff is not taken in good faith and that leave to proceed in forma pauperis on appeal be DENIED. It is further recommended that, if Plaintiff files a notice of appeal, he must pay the $455 appellate filing fee in full or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

**DATED** this 17th day of June, 2013.

                                                                                               <u>s/ Charmiane G. Claxton</u>
                                                                                               CHARMIANE G. CLAXTON
                                                                                               UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**